In the Matter of the CONSERVATOR-SHIP of Laurel H. SUMMERS, an adult.

Markel SUMMERS, Appellant,

v.

FIRST NATIONAL BANK OF CLINTON and Alan M. Pape, Conservators of Laurel H. Summers, an adult, Appellees.

No. 2–65777.

Court of Appeals of Iowa.

Nov. 24, 1981.

Kenneth E. Wright of Goodenow & Wright, Maquoketa, for appellant.

Dennis E. Roberson, Maquoketa, for appellees.

Carl H. Miller, Maquoketa, guardian ad litem.

Considered by OXBERGER, C. J., and DONIELSON, SNELL, CARTER, and JOHNSON, JJ.

PER CURIAM.

Appellant Markel Summers appeals the trial court's denial of his application for an order approving the sale of real estate which is subject to a conservatorship. Appellant claims the trial court erred in determining that only the conservator could make the application for approval of the sale. Our review of this equitable proceeding is de novo. § 633.33, The Code 1979; Iowa R.App.P. 4. We affirm.

I.

Markel and Laurel Summers are brothers, and each owns an undivided one-half interest in a 440 acre farm in Jackson County, Iowa. Laurel Summers is under a conservatorship. Markel and the conservators entered into an agreement providing for the appraisal and possible sale of Laurel's share of the farm to Markel. The agreement provided that it was subject to court approval. After the appraisal was completed and Markel had given notice of his intent to buy Laurel's interest, the conservators refused to present the matter to the court for approval.

On March 8, 1980, Markel filed an application for an order approving the sale of real estate of the conservatorship on the basis that he and the conservators had entered into an agreement for the sale. The conservators filed a resistance to the application on April 11, 1980, asserting that the sales price was unfair and that the agreement for the sale was subject to court approval. The conservators also requested that court approval of the agreement be withheld. On September 16, 1980, the trial court entered a ruling that denied Markel's application for an order approving the sale. The trial court reasoned that a "probate court may approve and order the sale of real estate held in a conservatorship only upon the petition of the conservator" and that since the application by Markel Summers was not a proper probate proceeding, the court was without proper jurisdiction.

II.

Since it is not an enumerated power under § 633.646, The Code 1981, a conserva-

tor may not sell real property without prior order of the court. Section 633.652, The Code 1981 provides that conservators may sell real property when it is in the best interests of the ward and directs that the sale be made by "the same procedure that is provided in this Code for sale, mortgage, exchange, pledge, and lease by personal representatives in administration of estates of decedents." Other relevant sections include: Section 633.386, The Code 1981, which allows the personal representative to sell real property, § 633.388 which requires that a petition to sell set forth the reasons for the application, and § 633.399 which requires that a report of the sale be made to the court by the personal representative.

■ We conclude that the appellant was correct when he stated in his brief that there was "no statutory or case authority in Iowa that permits anyone other than a personal representative to apply to probate court for approval of the sale of real estate." However, our agreement with appellant is fatal to his claim. Our reading of the above mentioned statutes, when combined with *Jackson v. Jones*, 231 Iowa 106, 113, 300 N.W. 668, 671 (1941), which was relied on by the trial court, requires that we affirm the trial court. A petition to sell must be filed by the personal representative, it cannot be filed by a third party. Appellant's proper remedy, if any, should have been an attempt to get specific performance of the contract, not to make an application for an order approving the sale of real estate. It should be noted, however, that the prospect of the court ordering specific performance when the conservators believe the contract is not in the best interest of the ward is very doubtful.

AFFIRMED.